## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 14-cv-00291-PAB

MIKE GASSEL, individually and on behalf of
similarly situated persons,

        Plaintiff,

v.

AMERICAN PIZZA PARTNERS, L.P., et al.

        Defendants.

## PROTECTIVE ORDER

It is hereby ordered by the Court that the following shall apply to information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document, including specific pages of deposition testimony, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of their respective clients or third parties.  With respect to deposition testimony, the designating party shall notify all counsel of record of the deposition testimony to be designated as confidential within 14 days of receipt of the transcript. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL -- PRODUCED PURSUANT TO PROTECTIVE

ORDER." Confidential information or documents may be referred to collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with this litigation.

3. An inadvertent failure to designate a document or information as confidential does not, standing alone, waive the right to so designate the document or information. If a party designates a document or deposition testimony as confidential after it was produced (or after the 14-day designation period for deposition testimony), the receiving party, on notice of the designation, must make a reasonable effort to assure that the document or information is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain confidentiality during a time when the information was not so designated, even where the failure to so designate was inadvertent.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the party asserting the confidential designation shall have 14 days from the date of the challenge to seek resolution by the Court. Nothing in this Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed in accordance with applicable law and Court rules.

5. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a.    The requesting party and counsel of record;

  b. Employees of such counsel necessary to assist in the litigation;

  c. Consultants or experts to the extent deemed necessary by counsel;

  d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

  e. Any person indicated on the face of a document to have been an author, addressee or copy recipient of the document; and

  f. The Court or the jury at trial or as exhibits to motions.

6. Prior to disclosing or displaying the confidential information to any person in 5.a.-5.d., counsel shall inform the person:

  a. of the confidential nature of the information or documents; and

  b. that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5.c. and 5.d. only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~For the purpose of Paragraph 5.f., before any documents containing confidential information are submitted as part of an official judicial proceeding or filed with the~~

~~Court, the submitting party must seek to file the documents under seal in accordance with applicable law and rules of procedure.~~

9. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than ninety (90) days after entry of final judgment) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information, or for modification of this Order, or to seek any other relief from the Court.

~~Parties and counsel are advised that a perceived need by them for a more restrictive protective order is not an excuse for failure to comply with discovery requests in a timely fashion. It is counsel's responsibility to timely move for further protection based on confidentiality, if needed. If the Court has not ruled on any such motion when discovery is due, then the documents should be produced by the deadline for "attorneys eyes" only.~~

Dated April 14, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Gassel v. American Pizza Partners, L.P., et al.*, Case No. 14-cv-00291-PAB, in the United States District Court for the District of Colorado, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I understand that violations of this Order may result in penalties for contempt of court.

DATED: _____

_____
PRINT NAME:

Signed in the presence of:

_____
(Attorney)